## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| Mitchell Ellis Products, Inc. | |
| *Plaintiff* | |
| v. | CIVIL ACTION NO. |
| | 16-cv-00367-SLR |
| AgriNomix, LLC | |
| *Defendant* | |

### SCHEDULING ORDER

At Wilmington this _____ day of _____, 2016, the parties having

satisfied their obligations under Fed. R. Civ. P. 26 as described in the Court's order for a

scheduling conference; and the Court having conducted its case management conference

pursuant to Fed. R. Civ. P. 16 and D. Del. LR 16.1(a) and (b);

IT IS ORDERED that:

1.   **Fact Discovery.**

**(a)**   All fact discovery shall be commenced in time to be completed by **April 24, 2017**.

**(b)   Initial Disclosures.**  Absent agreement among the parties:

(1)   The parties shall exchange the following information identified at the

Rule 26(f) conference by **August 8, 2016:  The Initial Disclosures required pursuant to**

**Federal Rules of Civil Procedure 26(a)(1).**[1]

(2)   On or before **August 8, 2016**, plaintiff shall identify the accused

product(s)[2] and its damages model, as well as the asserted patent(s) the accused product(s)

allegedly infringe(s). Plaintiff shall produce the file history for each asserted patent.

---

[1] Pending the entry of a protective order, the parties may produce any confidential information with an appropriate designation per Local Rule 26.2.

(3)     On or before **September 9, 2016**, defendant shall produce to plaintiff the core technical documents related to the accused product(s), sufficient to show how the accused product(s) work(s), including but not limited to non-publicly available operation manuals, product literature, schematics, and specifications.  Defendant shall also produce sales figures for the accused product(s).

(4)     On or before **October 10, 2016**, plaintiff shall produce a claim chart relating each known accused product to the asserted claims each such product allegedly infringes.

(5)     On or before **November 9, 2016**, defendant shall produce its invalidity contentions for each asserted claim, as well as the known related invalidating references

    **(c)     Document production.**

(1)     Maximum of **seventy-five (75)** requests for production by each party to any other party.

(2)     The Court shall conduct a discovery conference on **November 30, 2016** at 4:00 PM.

(3)     Discovery of paper and electronic documents shall be completed on or before **December 9, 2016**.

    **(d)     Depositions.**

(1)     No deposition (other than those noticed under Fed. R. Civ. P. 30(b)(6)) shall be scheduled prior to the completion of document production.

(2)     The number of depositions (and any other issues related to depositions) shall be addressed by the Judge no later than the completion of document production.

---

[2] Including accused methods and systems.

8723908/

**(e)      Written Discovery.**

(1)      Maximum of **twenty-five (25)** interrogatories by each party to any other party.

(2)      Final infringement contentions shall be due on or before **January 20, 2017**.

(3)      Final invalidity contentions shall be due on or before **February 17, 2017**.

(4)      Maximum of **fifty (50)** requests for admission by each party to any other party.

(f)      **Supplementation.**  No later than **January 6, 2017**, the parties must finally supplement, *inter alia*, the identification of all accused products and of all invalidity references.

2.      **Joinder of Other Parties and Amendment of Pleadings.**  All motions to join other parties and/or to amend pleadings shall be filed on or before **December 16, 2016**.

3.      **Willfulness.**  If willfulness has been asserted, defendant must inform plaintiff that it intends to rely on the opinion of counsel no later than **September 12, 2016.**

4.      **Settlement Conference.**  Pursuant to 28 U.S.C. §636, this matter is referred to a Magistrate Judge[3] for the purposes of exploring ADR.

5.      **Claim Construction.**[4]

(a)      The parties shall exchange initial lists of those claim terms in need of construction (along with their respective proposed constructions) on or before **October 14, 2016.**

(b)      The parties shall agree upon and file a Joint Claim Construction Statement on **October 28, 2016**.  For any contested claim limitation, each party must submit a proposed construction.[5]

---

[3] The court may also refer ADR to a Special Master.

[4] The parties must identify, during the claim construction phase of the case, any claim language that will have a meaning to a person of ordinary skill in the art that differs from the ordinary meaning.  Any language not so identified will be construed according to its ordinary meaning.

(c)      Plaintiff shall serve and file its opening brief on claim construction on or before **November 18, 2016**.

(d)      Defendant shall serve and file its answering claim construction brief on or before **December 19, 2016**.

(e)      Plaintiff shall serve and file its reply brief on or before **January 9, 2017**.

(f)      Defendant shall serve and file its sur-reply brief on or before **January 30, 2017**.

(g)      The court shall conduct a hearing on claim construction on **March 16, 2017** at 9:00 AM.[6]

(h)      The court shall issue its decision on claim construction on or before **April 27, 2017.**

(i)      The court shall thereafter conduct a status conference on **May 1, 2017** at 3:30 PM, the purpose of which is to discuss the scope of the case (*vis a vis* the number of patents, claims, products, prior art references, *etc.*) and determine whether any limits need to be imposed to focus the case prior to expert discovery.

6.   **Expert Discovery.**

(a)      All expert discovery shall be commenced in time to be completed by **July 14, 2017.**

(b)      Expert reports on issues for which the parties have the burden of proof shall be served on or before **May 5, 2017.**  Rebuttal expert reports on issues shall be served on or

---

[5] Resorting to "plain and ordinary" meaning is not sufficient, as it effectively leaves claim construction in the hands of the experts rather than the court.

[6] Unless otherwise directed, the court shall conduct its proceedings in courtroom 4B, fourth floor, United States Courthouse, 844 King Street, Wilmington, Delaware.

before **June 2, 2017.**  Supplemental reports (on *e.g.*, secondary considerations of obviousness) shall be served on or before **June 23, 2017**.

        (c)    Expert depositions are limited to a maximum of **eight (8)** hours, absent agreement of the parties or order of the court.

        (d)    The court shall conduct an in-person status conference **June 29, 2017** at 4:30 PM if the parties have any issues regarding expert discovery.  No *Daubert* motions or motions to strike expert testimony shall be filed unless discussed with the court at this conference and the court deems a motion practice appropriate.

        7.    **Fact Witnesses to be Called at Trial.**  Within one (1) month following the close of expert discovery, each party shall serve on the other parties a list of each fact witness (including any expert witness who is also expected to give fact testimony) who has previously been disclosed during fact discovery and that it intends to call at trial.  Within one (1) month of receipt of such fact witness list, each party shall serve a list of each rebuttal fact witness disclosed during fact discovery that it intends to call at trial. It is expected that all such witnesses have been vetted during the fact discovery process.

        8.    **Motion Practice.**  All summary judgment motions shall be served and filed on or before **July 28, 2017.**  Absent order of the court, no summary judgment motion may be filed earlier than said date, and no such motion may be filed in the absence of a jury demand.

        (a)    Opening briefs on infringement and invalidity shall be served and filed on **July 28, 2017.**

        (b)    Opening briefs or combined opening-answering briefs on noninfringement and validity shall be served and filed on **August 14, 2017.**

(c)     Where cross-motions are presented:

(1)     Combined answering-reply briefs on infringement and invalidity in response to the briefs filed pursuant to (b) above shall be served and filed on **August 31, 2017.**

(2)     Reply briefs on noninfringement and validity shall be served and filed on **September 8, 2017**.

(d)     Where cross-motions are not presented:

(1)     Answering briefs on infringement and validity shall be served and filed on **August 14, 2017.**  Answering briefs on noninfringement and invalidity shall be served and filed on **August 14, 2017.**

(2)     Reply briefs on infringement and validity shall be served and filed on **August 25, 2017.**  Reply briefs on noninfringement and invalidity shall be served and filed on or before **August 25, 2017.**

(e)     The court shall hear oral argument on said motion(s) on **September 8, 2017.**

**9.      Communications with the Court.**

(a)     Absent express approval by the court, any application to the court for relief shall be by written motion filed with the clerk.  The court will not consider applications and requests submitted by letter or in a form other than a motion.

(b)     No telephone calls shall be made to chambers.

(c)     Any party with an **emergency** matter requiring the assistance of the court shall e-mail chambers utilizing the "E-mail Request for Emergency Relief" and "Opposing Counsel's Response" forms posted on the court's website and e-mail the completed forms to slr_civil@ded.uscourts.gov.  The e-mail shall provide a short statement describing the emergency.  **NO ATTACHMENTS** shall be submitted in connection with said e-mails.

8723908/

(d)   To be considered timely filed, all papers shall be electronically filed on or before 6:00 p.m. Eastern Time.

**10.    Motions in Limine.**  No motions in limine shall be filed. Instead, the parties shall be prepared to address their evidentiary issues at the pretrial conference and during trial (before and after the trial day).

**11.    Pretrial Conference.**  A pretrial conference shall be held on **November 14, 2017** at 4:00 PM.  The Federal Rules of Civil Procedure and D. Del. LR 16.3 shall govern the pretrial conference.

**12.    Trial.**  This matter is scheduled for a five-day jury trial commencing on **November 27, 2017**.  For purposes of completing pretrial preparations, the parties should plan on being allocated a total number of hours in which to present their evidence and argument.


_____
United States District Judge