IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

MITCHELL ELLIS PRODUCTS, INC.,   )
                                  )
        Plaintiff,              )
                                    )
     v.                       )  Civ. No. 16-367-SLR
                                    )
AGRINOMIX LLC,             )
                                    )
        Defendant.        )

**MEMORANDUM ORDER**

At Wilmington this 16th day of March, 2017, having reviewed the pending motions and the papers submitted in connection therewith;

IT IS ORDERED that defendant's motion to transfer venue (D.I. 7) is granted, for the reasons that follow:

1. Plaintiff Mitchell Ellis Products, Inc. ("MEP"), is an Alabama corporation having its principal place of business in Semmes, Alabama. According to the complaint, MEP is a "longstanding leader in the horticulture industry and has provided machinery specially developed for the nursery and greenhouse market since 1977." (D.I. 1, ¶ 6) MEP is the owner of U.S. Patent No. 8,590,583 ("the '583 patent"), titled "Potting Apparatus." (*Id.*, ex. A) Plaintiff characterizes the invention of the '583 patent as "an innovative and revolutionary potting apparatus that is quieter, smoother, and more efficient than previous potting machines." (D.I. 1, ¶ 10) Plaintiff has alleged that defendant AgriNomix, LLC ("AgriNomix") has infringed the '583 patent as a result of

AgriNomix's manufacture and sale of the "Agrinomix KV-XL Filler with Drill" and "Nursery Potter with Drill" ("the accused devices").

2. AgriNomix is a Delaware limited liability company with its principal place of business in Oberlin, Ohio.  According to the complaint, AgriNomix is a horticulture machinery and equipment company.  In connection with the pending motions, AgriNomix (through, *inter alia*, its Managing Member and President) avers that AgriNomix:  (a)  has a single facility that is located in Oberlin, Ohio; (b)  does not advertise its products on television or radio outside of Ohio; (c) has only sold fifteen (15) of the accused devices in the United States, as well as three (3) in Canada; (d) has realized just over $17,000 in profits from the sale of the accused devices in the United States; (e) has only displayed the accused devices at the Cultivate exhibition in Columbus, Ohio; and (f) has never manufactured, used, or sold either of the accused devices in Delaware, nor has it quoted or offered to sell either of the accused devices to a customer in Delaware.  (D.I. 10; D.I. 26)  Although plaintiff counters that AgriNomix advertises itself as "suppl[ying] its products to '77% of North America's Top 100 Growers'" (D.I. 12, ex. A), there is no evidence of record that any of "North America's Top 100 Growers" reside in Delaware.

3. **Standard.**  The analytical framework for motions to transfer pursuant to 28 U.S.C. § 1404(a) are well known and will not be repeated here.  *See, e.g., In re Link_A_ Media Devices Corp.*, 662 F.3d 1221 (Fed. Cir. 2011); *Jumara v. State Farm Ins. Co.*, 55 F.3d 873 (3d Cir. 1995); *Helico Biosciences Corp. v. Illumina, Inc.*, 858 F. Supp. 2d 367 (D. Del. 2012).  I have gleaned the following from the above case law:  A plaintiff,

as the injured party, has the privilege of initiating its litigation in the forum it chooses. A defendant's place of incorporation is always an appropriate forum in which to sue that defendant. The purpose of § 1404(a) is not to usurp plaintiff's choice, but to give courts the discretion to transfer if the interests of justice so dictate. The Third Circuit in *Jumara* gave the courts some factors to balance in making their determination, keeping the above tenets in mind. As I have stated many times before, the *Jumara* factors must be viewed through a contemporary lens. In this regard, I have declined to transfer based on the location of potential witnesses and of books and records, as discovery is a local event[1] and trial is a limited event.[2] With respect to the factor related to "administrative difficulty from court congestion," the case management orders always start with the schedules proposed by the litigants. It has been my experience that most litigators (especially those representing defendants) are in no hurry to resolve the dispute; if there is a need to expedite proceedings, that need is generally accommodated by the court. In sum, these factors are neutral.

4. **Analysis.** It should be evident from my prior decisions that motions to transfer are generally denied in my cases, so long as at least two evidentiary bases are

---

[1]Depositions generally are taken where the deponents reside, and books and records generally are kept in a digital format and easily transferable. To the extent that a defendant's books and records are still kept in "physical form" (hard to believe in this day and age), it would be a plaintiff's burden to travel for an inspection and/or to pay for copies.

[2]Not only are my trials timed events but, according to some scholars, "more than 97% of patent suits are settled before trial," Morgan, Paul, *Microsoft v. i4i - Is the Sky Really Falling?*, PatentlyO (Jan. 9, 2011), a figure consistent with national statistics about civil suits in general, Denlow, Morton, Hon. Ret., *Magistrate Judges' IMportant Role in Settling Cases,* The Federal Lawyer, 101 (May/June 2014) ("In 2012, less than 2 percent of federal civil cases went to trial.").

established:  defendant is a Delaware corporation or limited liability company (i.e., it has

accepted the benefits of organizing under the laws of the State of Delaware), and it

does business on a national scale, including in Delaware.  *See, e.g., Cradle IP, LLC v.*

*Tex. Instruments, Inc.*, 923 F. Supp. 2d 696 (D. Del. 2013); *Scientific*

*Telecommunications, LLC v. Adtran, Inc.* 2016 WL 1650760 (D. Del. April 25, 2016).

The instant case, however, does not fit these parameters.  There is no evidence of

record - despite the intervening discovery and further briefing on this and related

motions[3] - that AgriNomix has sold or even advertised the accused devices in

Delaware.  Transfer of the above-captioned case to the United States District Court for

the Northern District of Ohio, therefore, is appropriate.


_____
Senior United  States District Judge

---

[3]Defendant has also filed a motion to stay all proceedings pending ruling on the
motion to transfer (D.I. 24), which motion is denied as moot, and a motion to stay all
proceedings pending reexamination and *inter partes* review (D.I. 42), which motion shall
await disposition by the assigned judge in the Northern District of Ohio.  Plaintiff has
filed a motion for leave to file a sur-reply (D.I. 18), which motion has been considered,
but denied.